```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KATHERINE BERMUDEZ, | CIVIL ACTION NO. 07-3710 (MLC) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1.) The Court will address the Application before reviewing the complaint. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

### APPLICATION

The plaintiff asserts that she (1) has been unemployed since 2002 due to a disability, (2) received payments from Ocean County Social Services from August 2006 through January 2007, (3) has $11.69 in savings, and (4) does not own a home, a car, or anything of value. (App., at 1-2.) The Court will grant the Application.

### COMPLAINT

The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences

that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not credit bald assertions or legal conclusions. Id. A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]". Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989). The complaint here is deficient.

The plaintiff seeks review under 42 U.S.C. § ("Section") 405(g) of a decision by an administrative law judge ("ALJ") denying her application for "Disability Insurance Benefits". (Dkt. entry no. 1, Compl.) This type of action must concern a "final decision of the Commissioner of Social Security", which is not final until all administrative remedies are exhausted. 42 U.S.C. § 405(g).

The plaintiff fails to (1) provide a date for, and annex a copy of, the ALJ's decision at issue, (2) clearly allege that she sought review of the ALJ's decision by the Appeals Council, or (3) provide a date for, and annex a copy of, the Appeal Council's decision.[1] A decision is not "final" until it is reviewed on the

---

[1] The plaintiff states the following near the top of her one-page, single-spaced complaint:

    COMPLAINT:    Social Security Administration
                         Appeals Council Denial to Review

(Compl.)

merits by the Appeals Council. Van Williams v. Soc. Sec. Admin., 152 Fed.Appx. 153, 154-55 (3d Cir. 2005) (affirming order dismissing complaint). Thus, it is unclear whether the plaintiff seeks review of a final decision. See Bacon v. Sullivan, 969 F.2d 1517, 1519-22 (3d Cir. 1992) (stating Appeals Council decision declining to address untimely appeal was neither final nor reviewable by court); Davis v. Soc. Sec. Admin., No. 02-1595, 2003 WL 21219821, at *1-*2 (D. Del. May 20, 2003) (stating decision not final, and thus not reviewable by court, unless claimant seeks, inter alia, hearing before ALJ and Appeals Council review). See also 42 U.S.C. § 405(h) (stating action to obtain review must meet Section 405(g) requirements, and cannot be brought under 28 U.S.C. §§ 1331 and 1346).

**CONCLUSION**

The Court will (1) direct the Clerk of the Court to file the complaint, (2) dismiss the complaint, and (3) direct the Clerk of the Court to designate the action as closed.

This result, however, is without prejudice to the plaintiff to simultaneously (1) move to reopen the action in a timely manner, and (2) submit for further review (a) a new complaint with the necessary allegations, e.g., a recitation of the administrative remedies exhausted, and the dates thereof, and (b) exhibits, e.g., copies of all decisions issued by any ALJs and

the Appeals Council.  The Court will issue an appropriate order and judgment.[2]

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

---

[2] The plaintiff has not shown that she timely commenced the action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).  She also has not shown that she exhausted her administrative remedies, assuming she did so at all, in a timely manner.  It is unclear whether these time-limit requirements are waivable ordinarily. Compare Walton v. Halter, 243 F.3d 703, 705 (3d Cir. 2001) (stating defense that action is untimely is waivable), with Garcia v. Comm'r of Soc. Sec., 53 Fed.Appx. 192, 193 (3d Cir. 2002) (stating whether claimant timely filed complaint is subject matter jurisdiction issue).  However, "a district court may sua sponte dismiss a claim as time-barred under [Section 1915] where it is apparent from the complaint that the applicable limitations period has run."  Hunterson v. DiSabato, No. 06-4409, 2007 WL 1771315, at *1 (3d Cir. June 20, 2007).  The Court will screen this action for timeliness if the plaintiff files a new complaint.